IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18CV271-GCM

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL ) <br> CASUALTY INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOSE CASTILLO d/b/a JJA FRAMING ) <br> COMPANY, JJA CONSTRUCTION, INC., ) <br> and JJA FRAMING COMPANY, ) <br> ) <br> Defendants. ) <br> ) | ORDER |

This matter is before the Court upon Oak Bluff Homeowners Association, Inc. ("Oak Bluff"), Portrait Homes-South Carolina, LLC, Portrait Homes-Oak Bluff, LLC (collectively, "Portrait"), and Pasquinelli Homebuilding LLC's ("Pasquinelli") Motion to Intervene and Consolidate. Plaintiff Pennsylvania National Mutual Casualty Insurance Company ("Penn National") has filed a response in opposition to the Movants' motion.

**FACTUAL BACKGROUND**

This action stems from a construction defect case in South Carolina between Oak Bluff, Portrait, and the Plaintiff Penn National. Oak Bluff initially sued Portrait, the developer and general contractor on the Oak Bluff project in Charleston, South Carolina, as well as subcontractor Jose Castillo d/b/a JJA Framing Company, JJA Construction, Inc., and JJA Framing Company (hereinafter collectively "Defendant JJA Framing"). The underlying cases, *Oak Bluff Homeowners Association, Inc. v. Portrait Homes-South Carolina, LLC*, Civil Action No. 2013-CP-10-7067 (hereinafter "Oak Bluff action"), and *John F. Kelly, et al. v. Portrait Homes-South Carolina, LLC, et al.*, Civil Action No. 2013-CP- 10-7066 (hereinafter "John Kelly

1

action") have since been dismissed because settlement was reached. As part of the settlement, Portrait assigned their claims to Oak Bluff.

Penn National supplied the commercial general liability policies to Defendant JJA Framing, but denied coverage to its insured due to an alleged lack of cooperation,[1] and Penn National also denied additional insured coverage to Portrait. Accordingly, Penn National is suing for declaratory judgments against Defendant JJA Framing in the current case[2] and against Portrait in *Pennsylvania National Mutual Casualty Ins.Co. v. Portrait Homes-South Carolina, LLC, et al.*, Civil Action No. 3:18-cv-00561 (hereinafter "Portrait action"), a case currently pending in this Court before the Honorable Frank Whitney. Movants Oak Bluff, Portrait, and Pasquinelli now seek to intervene in this action and consolidate it with the Portrait action pending before Judge Whitney.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 24(a), a party may intervene "of right" when that party claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless that interest is adequately represented by existing parties. The "interest" asserted by the applicant seeking to intervene of right must be "significantly protectable." *Diamond v. Charles*, 476 U.S. 54, 68 (1986). The Fourth Circuit, in determining whether a right is "significantly protectable," has held that even where an applicant has pending claims against an insured, such entity does not have a

---

[1] Specifically, Penn National alleges that JJA Framing never notified Penn National of the underlying construction defect litigation, never sent copies of the summonses or complaints received in connection with the underlying litigation to Penn National, and never cooperated at all with Penn National in the defense of the claims asserted against Defendant JJA Framing in the underlying litigation.
[2] Defendant JJA Framing has also failed to respond to the Complaint herein. Penn National has filed a Motion for Judgment by Default which is currently pending before the Court.

"significantly protectable" interest in a coverage action against the insured unless the applicant has a judgment against the insured. *Teague v. Bakker*, 931 F.2d 259 (4th Cir.1991); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Reichhold*, *Inc*., No. 1:06CV939, 2008 WL 90186, at *3 (M.D.N.C. Jan. 8, 2008).

Portrait (through its assignee, Oak Bluff) appears to claim in its motion to intervene that this Court should permit intervention in this action because the Penn National policies at issue in the present action are the same policies that are at issue in the Portrait Action, and therefore Portrait (and its assignee, Oak Bluff) have some interest in this action. However, the mere fact that the Penn National policies are at issue in both this action and the Portrait Action does not create a "significantly protectable" interest in favor of Portrait (or its assignee, Oak Bluff) in this action. In fact, the claim of a named insured for coverage and the claim of an additional insured for coverage involve entirely different questions of law and fact.

Furthermore, neither Oak Bluff nor Portrait have a judgment against Defendant JJA Framing in the underlying construction defect litigation that would support a claim of a "significantly protectable" interest as it relates to Defendant JJA Framing's rights under the Penn National policies such that intervention "of right" would be appropriate in this action.[3] Accordingly, neither Oak Bluff nor Portrait have a "significantly protectable" interest in the subject matter of this litigation, which is the determination of the obligations (if any) that Plaintiff Penn National may have owed to Defendant JJA Framing under the Penn National Policies with regard to claims asserted against Defendant JJA Framing in the underlying litigation.

---

[3] In fact, Oak Bluff and Portrait have affirmatively dismissed their claims against Defendant JJA Framing in the underlying construction defect litigation.

As the movants are not entitled to intervention as of right, the Court turns to the question of whether they are entitled to "permissive" intervention in this action pursuant to Rule 24(b). "Permissive intervention" is only proper under Rule 24(b) when the applicant's claim or defense and the main action have a question of law or fact in common. "Courts have overwhelmingly held that where a proposed intervenor has merely a contingent financial interest in a declaratory judgment action to establish insurance coverage, he may not claim that there are common questions of law or fact between the coverage dispute and actions to determine liability for injuries." *Nat'l Union Fire Ins. Co.*, 2008 WL 90186, at *4. The rule further provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Oak Bluff and Portrait do not have any financial interest (contingent or otherwise) in this declaratory judgment action, which seeks a declaration as to whether Defendant JJA Framing is entitled to coverage under the Penn National policies for the claims asserted against it in the underlying construction defect litigation. Additionally, there is no common question of law or fact between the present action and the Portrait Action that support Oak Bluff and Portrait's request for "permissive intervention" in this action. The present action seeks a declaration that Defendant JJA Framing is not entitled to coverage under the Penn National Policies for the claims that were asserted against it in the Underlying Construction Defect Litigation because Defendant JJA Framing failed to comply with the conditions for coverage under such policies. On the other hand, the Portrait Action seeks a declaration that Portrait is not entitled to coverage under the Penn National Polices for the claims that were asserted against Portrait in the Underlying Construction Defect Litigation because Portrait does not qualify as an "additional

insured" under the policies. Accordingly, the claims and legal issues in the present action and the Portrait Action do not involve common questions of law or fact.

In addition to the foregoing, permitting Oak Bluff and Portrait to intervene in this action at this time would unduly delay or prejudice the adjudication of the original parties' rights. Penn National filed this action on May 24, 2018. A default was entered against Defendant JJA Framing on July 5, 2018, after Defendant JJA Framing failed and refused to answer or respond to the Complaint for Declaratory Judgment. A Motion for Default Judgment is currently pending before this Court. Allowing Oak Bluff and Portrait to intervene in this action at this late stage of the litigation would unduly delay or prejudice the adjudication of Plaintiff Penn National's rights.

IT IS THEREFORE ORDERED that the Movants' Motion to Intervene and Consolidate is hereby DENIED.

Signed: March 8, 2019

Graham C. Mullen
United States District Judge